UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Richard B.[1],    No. 22-cv-2039 (KMM-TNL)

    Plaintiff,

v.    **ORDER**

Kilolo Kijakazi, Acting Commissioner of
Social Security,

    Defendant.

---

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. [Dkt. No. 26]. Plaintiff seeks an award of $7,200.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff also seeks an award for costs in the amount of $100. Defendant does not oppose the request for attorneys' fees but opposes the request for costs. [Dkt. No. 30].

**I.    BACKGROUND**

Plaintiff applied for Social Security disability benefits in October 2019, alleging a disability beginning in September 2017. [Dkt. No. 1.] The claim was initially denied in October 2020 and upon reconsideration in January 2021. [*Id.*] Plaintiff requested further review, and an Administrative Law Judge denied Plaintiff's application in September 2021. [*Id.*] The Appeals Council for the Social Security Administration affirmed the ALJ's decision.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions. Accordingly, where the Court refers to Plaintiff by his name, only his first name and last initial are provided.

[*Id.*] Plaintiff sought judicial review of the ALJ's decision from this Court. [*Id.*] U.S. Magistrate Judge Tony L. Leung granted Plaintiff's *in forma pauperis* application, which allowed him to proceed in this action without prepaying fees or costs. [Dkt. No. 6]. Judge Leung subsequently granted Plaintiff's Motion for Admission Pro Hac Vice so that attorney David F. Chermol could represent him in this matter. [Dkt. No. 7.]

Plaintiff moved for summary judgment in December 2022. [Dkt. No. 14.] In February 2023, the parties filed a joint stipulation requesting the Court remand the action to the Social Security Administration for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [Dkt. No. 20.] The Court approved the joint stipulation and issued an order remanding the case. [Dkt. No. 22.] Plaintiff moved for attorney's fees and costs pursuant to the EAJA in May 2023. [Dkt. No. 26.]

**II.    DISCUSSION**

The EAJA gives district courts the authority to award costs and fees to a prevailing plaintiff in an action seeking judicial review of a denial of disability benefits. Costs "may be awarded to the prevailing party in any civil action brought by or against the United States." 28 U.S.C. § 2412(a)(1). As for attorney's fees, a "court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded" in "proceedings for judicial review of agency action," unless the government's position was "substantially justified" or "special circumstances make an award unjust." *Id.* at § 2412(d)(1)(A). The plaintiff must establish that they were the prevailing party, and then the burden shifts to the government to establish that its position was substantially justified or that circumstances would make the award unjust. *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989).

**A. Attorney's Fees**

The Court grants Plaintiff's request for attorney's fees. Based on a review of the record in this action, the Court makes the following findings and conclusions. First, Plaintiff met his burden of establishing that he was a prevailing party under the EAJA because the Court entered a judgment reversing the Commissioner's denial of benefits and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). A "sentence four" remand qualifies the plaintiff as the prevailing party for EAJA purposes. *Shalala v. Schaefer,* 509 U.S. 292, 300–02 (1993); *see also Abagail K. v. Kijakazi*, Case No. 22-cv-318 (NEB/LIB), 2022 WL 17345355, at *2 (D. Minn. Oct. 14, 2022), *report and recommendation adopted*, Case No. 22-CV-318 (NEB/LIB), 2022 WL 17342417 (D. Minn. Nov. 30, 2022) ("A 'sentence four' remand renders a plaintiff the 'prevailing party' under the EAJA.")

Second, the Court finds that Plaintiff's motion is timely, and that Plaintiff is eligible to receive an award of fees under the EAJA because his net worth when the action was filed was less than $2,000,000.00. *See* 28 U.S.C. § 2412(d)(2)(B). As for the Commissioner's burden, the Court concludes that the Commissioner has not established that the agency's position was substantially justified or that an award of attorney's fees would be unjust in these circumstances. The Commissioner does not oppose the requested attorney's fees and accordingly has not suggested that its position was substantially justified or that an award would be unjust. *See Weber v. Berryhill*, Case No. 16-cv-0332 (JNE/TNL), 2017 WL 1956977, at *2 (D. Minn. Apr. 6, 2017), *report and recommendation adopted*, Case No. 16-cv-332 (JNE/TNL), 2017 WL 1956860 (D. Minn. May 10, 2017) (finding the Commissioner's position not substantially justified because she had neither contested the award, nor met her burden to

establish substantial justification). Therefore, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA.

Before approving such an award, however, the Court must ensure that the requested attorney's fees are "reasonable." 28 U.S.C. §§ 2412(b), (d)(2)(A). Plaintiff's counsel seeks an hourly rate of $225.00 for 32 hours of work on Plaintiff's case. [Dkt. No. 27.] The EAJA provides that attorney's fees "shall not be awarded in excess of $125 per hour" unless "an increase in the cost of living or a special factor" justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). The Eighth Circuit has instructed that the consumer price index is "proper proof" of an increase in the cost of living to justify higher attorney's fees. *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). The Court finds that Plaintiff's unopposed request for a higher hourly rate based upon the consumer price index is therefore justified. [*See* Dkt. No. 20.] And having reviewed the entries listed in Plaintiff's Statement of Attorney Time Expended, [Dkt. No. 27], the Court finds that the number of hours spent on this case is also reasonable. *See Dianna L. B. v. Saul*, No. 19-cv-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021) (collecting cases awarding attorney's fees for more than 40 hours spent on Social Security appeals because "between 20 and 40 hours is a typical compensation range for counsel experienced in Social Security litigation").

Pursuant to *Astrue v. Ratliff*, 130 U.S. 2521 (2010), any award of EAJA attorney's fees must be made payable to the plaintiff so that they can be used to offset to satisfy any preexisting debts that the plaintiff owes the United States. Therefore, the Court grants Plaintiff's motion to the extent it seeks attorney's fees and awards $7,200 in fees payable to the Plaintiff.

### B. Costs

Although the Commissioner did not object to Plaintiff's request for attorney's fees, she did object to the requested $100 reimbursement for pro hac vice costs. Plaintiff cited several cases in which courts in this district have awarded reimbursement of pro hac vice costs in Social Security cases, and the Court has found many others. *See, e.g.*, *Amy W. v. Kijakazi*, Case No. 21-cv-2034 (SRN/LIB), 2022 WL 16972521, at *4 (D. Minn. Oct. 24, 2022), *report and recommendation adopted*, Case No. 21-CV-2034 (SRN/LIB), 2022 WL 16966710 (D. Minn. Nov. 16, 2022); *Tristan M. v. Kijakazi*, No. 20-CV-2247 (TNL), 2022 WL 2045674, at *3 (D. Minn. June 7, 2022); *Gloria P. v. Kijakazi*, Case No. 20-cv-1542 (ECT/LIB), 2022 WL 1064455, at *5 (D. Minn. Mar. 23, 2022), *report and recommendation adopted*, Case No. 20-cv-01542 (ECT/LIB), 2022 WL 1063948 (D. Minn. Apr. 8, 2022); *Jennifer H v. Saul*, Case No. 19-cv-0959 (JRT/ECW), 2020 WL 4587979, at *3 (D. Minn. June 5, 2020), *report and recommendation adopted*, Case No. 19-cv-959 (JRT/ECW), 2020 WL 4586891 (D. Minn. Aug. 10, 2020); *Massie v. Colvin*, Case No. 14-CV-2888 (SRN/FLN), 2016 WL 2853511, at *2 (D. Minn. May 16, 2016). Nevertheless, those cases do not provide the support Plaintiff ascribes to them because the Commissioner did not oppose the request of pro hac vice costs in those cases. For whatever reason, the Commissioner objected to the pro hac vice costs in this action.

The EAJA allows "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys." 28 U.S.C. § 2412. Section 1920, in turn, allows the court to award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. As is apparent, pro hac vice fees are not included in this list and are therefore not specifically authorized by § 1920. There is a split in circuit authority as to whether "fees of the clerk" include pro hac vice admission fees. The Seventh and Ninth Circuits have held that fees for pro hac vice admission are not awardable as costs. *Canter v. AT&T Umbrella Benefit Plan No. 3*, 33 F.4th 949, 959 (7th Cir. 2022); *Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). The Eighth Circuit, by contrast, has held that pro hac vice fees *are* taxable as costs under 28 U.S.C. § 1920 and can be considered fees of the clerk. *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009).

Complicating matters is that after the Eighth Circuit's decision in *Craftsmen*, the Supreme Court has instructed courts to interpret costs awardable under § 1920 narrowly. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012). In *Taniguchi*, the Court held that § 1920(6), which authorizes reimbursement for the cost of an interpreter, does not include the cost of translating documents. *Id.* at 574–75. The Court emphasized that taxable costs have a "narrow scope" and are "limited to relatively minor, incidental expenses." *Id.* at 573. The Seventh and Ninth Circuits both relied upon *Taniguchi* to reach their respective holdings that pro hac vice fees are not taxable as costs under § 1920. In *Canter*, the Seventh Circuit specifically overruled its pre-*Taniguchi* authority awarding pro hac vice fees as costs. 33 F.4th at 959. In *Kalitta*, the Ninth Circuit specifically noted that the Eighth Circuit reached its

holding in *Craftsmen* "prior to the Supreme Court's decision in *Taniguchi* and without any clear explanation of [its] reasons." 741 F.3d at 958.

The Court has doubts about whether *Craftsmen* survives *Taniguchi*, but that is for the Eighth Circuit to decide. A few district courts within this circuit have continued to apply *Craftsmen* notwithstanding the Supreme Court's analysis in *Taniguchi*. *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, No. CV 15-3183 ADM/LIB, 2019 WL 3387777, at *6 (D. Minn. July 26, 2019); *Aly v. Hanzada for Imp. & Exp. Co., Ltd.*, No. 5:12-CV-06069-DGK, 2017 WL 3763532, at *1 (W.D. Mo. Aug. 30, 2017). For the time being, this Court finds itself bound by *Craftsmen* and holds that pro hac vice admission fees are awardable as costs under 28 U.S.C. § 1920.

While this would seem to compel awarding pro hac vice costs to Plaintiff, the Commissioner contends otherwise because of Plaintiff's *in forma pauperis* status. In August 2022, Judge Leung granted Plaintiff's *in forma pauperis* application, which allowed Plaintiff to proceed in this action without prepaying fees or costs. [Dkt. No. 6.] The *in forma pauperis* statute provides that the government "shall not be liable for any of the costs" when an individual proceeds *in forma pauperis*, even if they are the prevailing party. *See* 28 U.S.C. § 1915(f)(1). Because the EAJA permits an award of costs "enumerated in" 28 U.S.C. § 1920, and *Craftsmen* holds that pro hac vice admission fees are costs within the ambit of § 1920, the resulting interplay between the *in forma pauperis* statute as codified in § 1915(f) and the EAJA as codified in § 2412(a) requires finding that the government "shall not be liable" for the cost of pro hac vice admission in this case.

Considering these issues in a case involving a plaintiff proceeding *in forma pauperis* leads to somewhat absurd results. Under *Craftsmen*, pro hac vice fees are awardable as costs, but under 28 U.S.C. § 1915(f), such costs are not awardable on behalf of indigent plaintiffs, even if their counsel incurs such costs. Therefore, out-of-district attorneys representing well-resourced litigants can be reimbursed for their pro hac vice admission fees, but not those representing litigants without commensurate resources. Such a result is "anomalous." *Larson v. Saul*, No. 4:18-CV-04121-VLD, 2019 WL 4640437, at *6–7 (D.S.D. Sept. 24, 2019) (denying a request for costs in a Social Security case despite the court's conviction, after a comprehensive survey of the legislative history, that the IFP statute's prohibition on awarding costs "is an overlooked mistake on Congress' part").

This reality seems especially cruel, and likely frequent, in the Social Security context, where plaintiffs seeking review of a denial of benefits most often do not have the resources to prepay filing fees or afford counsel. Such an outcome further disincentivizes attorneys from representing indigent plaintiffs in these cases and counters the purpose of the Equal Access to Justice Act. *See Commissioner v. Jean*, 496 U.S. 154, 163 (1990) (describing the specific purpose of the EAJA as eliminating "the financial disincentive to challenge unreasonable governmental actions"); *see also* Pub. L. No. 96-481, § 202(a) 94 Stat 2321, 2325 (1980). "Why would Congress want to help the 'little guy' by passing the EAJA, while at the same time unduly penalizing the 'littlest of the little guys' by denying him and only him the right to recover costs against the United States?" *Larson*, 2019 WL 4640437, at *5.

The Court is perplexed, and troubled, by the tension between the EAJA and the IFP statute. But because it is bound by the text of 28 U.S.C. § 1915, the Court denies Plaintiff's

8

motion to the extent it seeks $100 in recoverable costs for pro hac vice fees. Much ado about a hundred dollars.

### III.   ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Attorney Fees and Costs [Dkt. No. 26] is **GRANTED in part**. The Court awards $7,200.00 in fees to Plaintiff under the EAJA. Within 30 days of this Order, the government shall pay Plaintiff $7,200.00 in fees, subject to any offset for preexisting debts to the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

2. Plaintiff's Motion for Attorney's Fees and Costs [Dkt. No. 26] is **DENIED** to the extent it seeks $100 in reimbursement for pro hac vice admission.

Date: July 18, 2023

*s/ Katherine Menendez*
Katherine Menendez
United States District Judge